**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| AARON DALTON,<br><br>*Plaintiff*,<br><br>v.<br><br>GAUDETTE PROPERTIES, LLC,<br><br>*Defendant*. | Case No. _____<br><br><br><br>**COMPLAINT**<br><br>**Injunctive Relief Sought** |

Plaintiff Aaron Dalton, by and through the undersigned counsel, brings this action against Defendant Gaudette Properties, LLC, a Minnesota limited liability company, for violations of the Americans With Disabilities Act, 42 U.S.C. § 12181, *et seq.* (the "ADA") and its implementing regulations and alleges as follows:

**INTRODUCTION**

1. Plaintiff brings this civil rights action against Defendant for failing to design, construct, and/or own or operate facilities that are fully accessible to, and independently usable by, persons with disabilities.

2. Defendant owns the multi-tenant commercial building known as "232 Marschall Road". To the extent it was constructed and first occupied after January 26, 1993 or was altered after January 26, 1993, "232 Marschall Road" was required to be designed and constructed to be readily accessible to persons with disabilities. To the extent "232 Marschall Road" was not constructed or altered before January 26, 1993, it was required to remove barriers to access to the extent barrier removal was readily achievable. De-

fendant has failed to remove architectural barriers at the multi-tenant commercial building known as "232 Marschall Road".

3. The violations alleged in this complaint occurred at "232 Marschall Road", located at 232 Marschall Road South, Shakopee, MN 55379.

4. Defendant's failure to provide equal access to "232 Marschall Road" violates the mandates of the ADA to provide full and equal enjoyment of a public accommodation's goods, services, facilities, privileges, and advantages.

5. Defendant's conduct constitutes an ongoing and continuous violation of the law.

6. Accordingly, Plaintiff seeks a declaration that Defendant's facilities violate federal law and an injunction requiring Defendant to make modifications to the facilities so that they are fully accessible to, and independently usable by, individuals with disabilities. Plaintiff further requests that the Court retain jurisdiction over this matter for a period to be determined to ensure that Defendant continues to comply with the relevant requirements of the ADA.

## JURISDICTION AND VENUE

7. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331 and 1343(a)(3). This action includes federal law claims brought pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181–12189. The Court has the jurisdiction to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and Fed R. Civ. P. 57.

8. Venue in this judicial district is proper because Defendant is located and transacts business within this judicial district and has sufficient contacts to be subject to personal jurisdiction in this judicial district, and because this is the judicial district in which the acts and omissions giving rise to the claims occurred.

## PARTIES

9. Plaintiff Aaron Dalton is a resident of the city of Burnsville, Minnesota. Plaintiff suffers from, and all times relevant hereto has suffered from, a legal disability as defined by the ADA, 42 U.S.C. § 12102(2). Plaintiff is therefore a member of a protected class under the ADA, under the regulations implementing the ADA set forth at 28 C.F.R. § 36.101 et seq.

10. Mr. Dalton suffers from Cerebral Palsy, a legal disability as defined by the ADA, 42 U.S.C. § 12102(2). Plaintiff is substantially limited in major life activities, including standing and walking. Plaintiff is therefore a member of a protected class under the ADA, under the regulations implementing the ADA set forth at 28 C.F.R. § 36.101 et seq. As a person with a disability, Plaintiff has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

11. Defendant Gaudette Properties, LLC, a Minnesota limited liability company, is the owner and lessor of the real property and improvements which are the subject of this action, the multi-tenant commercial building known as "232 Marschall Road", a place of public accommodation within the meaning of the ADA, located at the street address of 232 Marschall Road South, Shakopee, MN 55379.

## FACTUAL BACKGROUND

12. On March 15, 2019 Plaintiff attempted to visit "232 Marschall Road" in Shakopee, Minnesota. "232 Marschall Road" had tenant businesses including Subway and Heartland Service & Tire.

13. There were 52 total parking spaces in the "232 Marschall Road" customer parking lot on March 15, 2019.

14. Plaintiff found 2 parking spaces reserved as accessible parking spaces through posted signage.

15. 0 of these 2 reserved parking spaces had an adjacent access aisle.

16. "232 Marschall Road" did not have any parking spaces marked as van parking spaces.

17. Snow and ice obstructed the end of 1 of the 2 reserved parking spaces.

18. The curb ramp providing access to the raised sidewalk between the reserved parking spaces and the tenant business entrances lacked a landing at the top of the ramp and required turning onto the steep ramp flares.

19. The curb ramp had cracked concrete, creating changes in level on the ramp surface.

20. A photograph in Exhibit A to this Complaint depicts the parking lot to "232 Marschall Road" as it appeared March 15, 2019.

21. Plaintiff lives in Burnsville, Minnesota. He frequently travels throughout the greater Twin Cities area, including Shakopee. Based on the lack of accessible parking and lack of accessible routes, Dalton determined he cannot access "232 Marschall Road" on an equal and independent basis.

22. In light of the architectural barriers at "232 Marschall Road", and the fact Plaintiff perceives he cannot access the premises on an equal and independent basis, Plaintiff does not want to visit "232 Marschall Road" in the future until he learns Defendant has altered the premises to remove the architectural barriers. Plaintiff would like to be able to patronize "232 Marschall Road", but he cannot and these architectural barriers stop him from doing so. He plans to return and patronize "232 Marschall Road" when he learns that the premises have been made fully accessible to persons who use wheelchairs for mobility.

23. Plaintiff has personal knowledge of barriers which result in him not being able to access Defendant's premises independently on a full and equal basis because of his disabilities, due to the physical barriers to access and violations of the ADA that exist at Defendant's premises. As a result of Defendant's non-compliance with the ADA, Plaintiff cannot independently access the facilities and/or is excluded from full and equal enjoyment of the goods, services, privileges, advantages, and/or accommodations offered therein.

## FACTUAL ALLEGATIONS

24. Defendant has discriminated against Plaintiff on the basis of his disabilities by failing to comply with the requirements of the ADA and the ADAAG with regard to "232 Marschall Road". A specific, though not exclusive, list of unlawful physical barriers and ADA violations present at "232 Marschall Road" which limit the ability of persons in wheelchairs to access the facilities and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, includes the following:

   a. "232 Marschall Road" had 52 total parking spaces in the customer parking lot but had only 2 parking spaces reserved as accessible parking spaces, rather than the required 3, in violation of ADAAG 208.2. The 2 parking spaces reserved as accessible did not meet all the requirements of 502. Plaintiff requires accessible parking spaces which comply with all elements of 502 (including location, width, length, signage, slope, and presence of an access aisle) to ensure he can park safely, make a safe transfer between his vehicle and the parking lot, and travel safely between the parking lot to the building entrance. Plaintiff demands 3 spaces which comply with all elements of 502.

b. 0 of the 2 parking spaces reserved as accessible parking spaces in the "232 Marschall Road" parking lot had an adjacent access aisle, in violation of ADAAG 502.2. Plaintiff requires an access aisle complying with to make a safe transfer between his vehicle and the customer parking lot.

c. "232 Marschall Road" had 0 parking spaces reserved as van parking spaces rather than the required 1, in violation of ADAAG 208.2.4. When Plaintiff travels in wheelchair van with a side lift he requires the extra space allowed by a van parking space to make a safe transfer between his vehicle and the customer parking lot.

d. "232 Marschall Road" had a curb ramp connecting the reserved parking spaces to the sidewalk surrounding the building and giving access to the tenant businesses, but the ramp and its flares had slopes steeper than 1:12, in violation of ADAAG 405.2 and 406.4. Plaintiff uses a wheelchair for mobility and requires ramps to be adequately gradual to safely navigate. Steeper slopes create the risk of falling.

e. The curb ramp also lacked a level landing at the top of the ramp, requiring Plaintiff to turn on the ramp, in violation of ADAAG 406.4. The curb ramp also did not comply with the 2010 ADAAG 406.4 exception for alterations or 1991 ADAAG 4.7.5, which allow curb ramp flares no steeper than 1:12 in lieu of a level landing at the top of the ramp. Turning on a ramp makes navigation more difficult for Plaintiff, especially when the ramp and its flares are both steeper than allowed.

f. Snow and ice reduced the width of the east reserved parking space to less than 96 inches, in violation of ADAAG 502.2. Plaintiff requires adequate space to exit his vehicle, and reducing the width of the parking space or

      parking in a space that could have a parked car next to his vehicle prevents him from using such a parking space.

    g. "232 Marschall Road" failed to maintain its required accessible elements, allowing snow and ice to encroach on its parking spaces reserved for persons with disabilities and not maintaining the surface of its curb ramp, in violation of 28 C.F.R. § 36.211. Plaintiff requires accessible elements he uses, including curb ramps and parking spaces, to be maintained in order to be useful.

25. The above listing is not to be considered all-inclusive of the barriers and violations of the ADA encountered by Plaintiff or which exist at "232 Marschall Road". To qualify as an accessible parking structure, and for a parking space to qualify an accessible parking space, the space must be located on an accessible route, the route must be the shortest accessible route, the space must be marked by appropriate signage, the space must be flanked by an access aisle, and the space and access aisle must comply with sloping requirements. ADAAG 206; 208; 216, Chapter 4 including but not limited to 402, 403, 404, 405, and 406; and 502 – including, but not limited to, 502.4 which governs the floor or ground surfaces of both parking spaces and access aisles.

26. In order to fully remedy the discriminatory conditions, Plaintiff requires an inspection of "232 Marschall Road" in order to photograph and measure all such barriers to access and violations of the ADA and ADAAG.

27. Compliance with the ADA standards, and the ADAAG is required by 42 U.S.C §§ 12182 and 12183 to the extent the facility was designed and constructed, or altered, after January 26, 1993, and the violations to the ADAAG requirements are not a result of compliance being structurally impracticable. 28 C.F.R § 36.401(a)(1).

28. In the alternative, to the extent any architectural elements were constructed prior to that date, compliance with the ADA standards and the ADAAG is required by 42 U.S.C § 12182(b)(2)(A)(iv) because removal of architectural barriers is readily achievable. Compliance with the ADA standards and the ADAAG is readily achievable by Defendant due to the lack of difficulty and low cost of remedying the above-listed barriers.

29. Some of the above-listed violations can be remedied through the same measures prescribed by federal regulation as examples of modifications that are "readily achievable", including, but not limited to, creating accessible parking spaces. 28 C.F.R. § 36.304(b).

30. As a person with a disability, Plaintiff has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

31. Without injunctive relief, Defendant's failure to remove accessibility barriers will continue to cause injury to Plaintiff, who will continue to be perceive he cannot patronize the facility and will continue to be unable to independently access "232 Marschall Road" and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, in violation of his rights under the ADA.

**FIRST CAUSE OF ACTION**
**Violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101** *et seq.*

32. Plaintiff incorporates and realleges the above paragraphs.

33. Section 302(a) of Title III of the ADA, 42 U.S.C. §§ 12101 *et seq.*, provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, ser-

vices, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

34. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations that is equal to the opportunities afforded to other individuals.

35. Defendant has discriminated against Plaintiff and others in that it failed to make its place of public accommodation fully accessible to persons with disabilities on a full and equal basis in violation of 42 U.S.C. § 12182(a) and the regulations promulgated thereunder, including the ADAAG, as described above. Plaintiff has been denied full and equal access to "232 Marschall Road" and/or has been denied the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations on a full and equal basis.

36. Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct. Defendant's violations of the ADA and ADAAG are ongoing.

37. Defendant has failed to remove architectural barriers to full and equal access by Plaintiff, even though removing the barriers was required and is readily achievable.

38. Plaintiff plans to visit "232 Marschall Road" again in the near future. Plaintiff is without adequate remedy at law, has suffered and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm upon his planned return visit to "232 Marschall Road" unless and until Defendant is required to remove the physical barriers to access and ADA violations that exist at Defendant's place of public accommodation, including those set forth specifically herein.

39. This Court has authority under 42 U.S.C. § 12188 to grant Plaintiff injunctive relief, including an order requiring Defendant to make "232 Marschall Road" readily accessible to and independently usable by individuals with disabilities to the extent required by the ADA and ADAAG, and/or to close "232 Marschall Road" until such time as Defendant cures the access barriers.

40. Plaintiff has retained the undersigned counsel for the filing and prosecution of this action, and is entitled to recover reasonable attorneys' fees, litigation expenses and costs from Defendant, pursuant to 42 U.S.C. §§ 12205, 12117, and 28 C.F.R. § 36.505.

**WHEREFORE**, Plaintiff respectfully requests:

a. That the Court issue a Declaratory Judgment that determines that Defendant's facilities, at the commencement of the instant suit, are in violation of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*, and the relevant implementing regulations including the ADAAG.

b. That the Court award nominal damages.

c. That the Court issue a permanent injunction, pursuant to 42 U.S.C. § 12188(a)(2), and 28 C.F.R. § 36.504(a), enjoining Defendant from continuing its discriminatory practices; including an order directing Defendant to remove all barriers to the maximum extent feasible or in the alternative make all readily achievable alterations to its facilities so as to remove physical barriers to access and make its facilities fully accessible to and independently usable by individuals with disabilities to the extent required by the ADA; and also including an order requiring Defendant to make all reasonable modifications in policies, practices or procedures necessary to af-

ford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities on a full and equal basis.

d. That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses, and costs of suit pursuant to 42 U.S.C. § 12205, 28 C.F.R. § 36.505 or as otherwise provided by law; and

e. That the Court issue such other relief as it deems just and proper, and/or is allowable under Title III of the ADA.

DATED: March 20, 2019

/s/ Padraigin L. Browne
Padraigin L. Browne (MN Bar # 389962)
8530 Eagle Point Blvd, suite 100
Lake Elmo, MN 55042
E-mail: paddy@brownelawllc.com
Phone: (612) 293-4805