# UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

Aaron Dalton,

        Plaintiff,

v.

Gaudette Properties, LLC,

        Defendant.

Case No.: 0:19-CV-00779-NEB-TNL

**ANSWER**

___

Defendant Gaudette Properties, LLC, for its answer to the complaint:

1. Denies each and every allegation, except as hereafter admitted or qualified.

## INTRODUCTION

2. To the extent a response is required to the paragraphs in the INTRODUCTION, admits that the defendant owns the building and property located at 232 Marschall Road South in Shakopee, Minnesota (collectively, "the property"), and denies the remaining allegations of Paragraphs 1, 2, 3, 4, 5, and 6.

## JURISDICTION AND VENUE

3. Admits the allegations of Paragraphs 7 and 8, except the defendant denies any violations of the Americans with Disabilities Act ("the ADA") that entitle the plaintiff to relief.

## PARTIES

4. Lacks information sufficient to form a belief as to the allegations of Paragraphs 9 and 10 and puts plaintiff to his proof.

5. Admits the allegations of Paragraph 11.

## FACTUAL BACKGROUND

6. Admits that Subway and Heartland Service & Tire are businesses at the property, but lacks information sufficient to form a belief as to the remaining allegations of Paragraph 12 and puts plaintiff to his proof.

7. Denies the allegations of Paragraphs 13, 18, and 19.

8. In response to Paragraph 14, lacks information sufficient to form a belief as to whether the plaintiff visited the property or what the plaintiff found if he did visit the property and puts the plaintiff to his proof.

9. Admits the allegations of Paragraphs 15 and 16, but denies that these conditions prevented the plaintiff from having full and equal access to the businesses at the property.

10. Lacks information sufficient to form a belief as to the allegations of Paragraphs 17 and 20 and puts the plaintiff to his proof, and denies that the purported conditions prevented the plaintiff from having full and equal access to the businesses at the property.

11. Denies that the property has any barriers that prevent the plaintiff from having full and equal access to the businesses at the property, and lacks information sufficient to form a belief as to the remaining allegations of Paragraphs 21, 22, and 23 and put the plaintiff to his proof.

## FACTUAL ALLEGATIONS

12. Denies the allegations of Paragraphs 24, 25, 26, 27, 28, 29, and 31 to the extent they may relate to the property.

13. Lacks information sufficient to form a belief as to the allegations of Paragraph 30 and puts the plaintiff to his proof.

## FIRST CAUSE OF ACTION

14. In response to Paragraph 32, incorporates the preceding paragraphs.

15. In response to Paragraphs 33 and 34, asserts that the statutory provisions cited speak for themselves, but denies any violations of the ADA.

16. Denies the allegations of Paragraphs 35, 36, 37, 38, 39, and 40.

## AFFIRMATIVE DEFENSES

17. Asserts that the complaint fails to state a claim upon which relief may be granted.

18. Asserts that the plaintiff did not make a demand to the defendant to correct the alleged ADA violations and, therefore, the defendant did not have notice of or an opportunity to correct the alleged violations before the plaintiff commenced this lawsuit.

19. Asserts that the plaintiff has failed to comply with 42 U.S.C. § 12188(a)(1), which requires the plaintiff to have actual notice that the defendant does not intend to comply with the provisions of the ADA.

20. Asserts that the plaintiff lacks standing to bring this lawsuit if he never went to or attempted to gain access to any of the businesses at the property.

21. Asserts that the plaintiff's claims are barred because, to the extent any alleged barrier or ADA violation departs from accessibility guidelines, the defendant has provided and continues to provide substantially equivalent access to the businesses at the property for persons with disabilities.

22. Asserts that the plaintiff's claims are barred because the alleged barriers and violations do not materially prevent the plaintiff from having full and equal access to any of the businesses at the property.

23. Asserts that the defendant has made good faith efforts to comply with the ADA.

24. Reserves the right to plead additional affirmative defenses pending further investigation and discovery.

**WHEREFORE**, Defendant Gaudette Properties, LLC, requests judgment in its favor dismissing the complaint, along with an award of its costs and disbursements.

                        **EASTLUND HUTCHINSON LTD.**

Dated: April 3, 2019            By: */s/ Mark J. Peschel*
                                                  Mark J. Peschel, #160921
                                                  Attorney for Defendant
                                                  4200 County Road 42 West
                                                  Savage, MN  55378
                                                  (952) 224-8677
                                                  mpeschel@eastlundhutchinson.com